**Thomas G. BUTTS and Robert L. Dickerson, Plaintiffs-Appellees,**

v.

**COLONIAL REFRIGERATED TRANSPORTATION, INC., Defendant-Appellant.**

**No. 14334.**

United States Court of Appeals
Sixth Circuit.

April 25, 1961.

222

Henry Denmark Bell, Nashville, Tenn., for plaintiffs-appellees.

Allen D. Rushton, Birmingham, Ala., for defendant-appellant. James I. Vance Berry, Howard, Davis, Boult & Hunt, Nashville, Tenn., Thomas B. Huie, and Allen D. Rushton, Birmingham, Ala., on the brief.

Before MARTIN, McALLISTER and WEICK, Circuit Judges.

PER CURIAM.

Butts and Dickerson recovered judgment upon a jury verdict in their favor against Colonial Refrigerated Transportation, Inc., a corporation engaged in the business of contract hauling. As a result of the false representations of the defendant, the plaintiffs were induced to purchase a new tractor to haul goods for the defendant, and to enter into a new contract to such effect.

There is ample proof to support the jury verdict that the defendant failed to fulfil its promises to and undertakings with the plaintiffs. While the evidence on all controlling issues was in sharp conflict, the factual conclusions reached by the jury were supported by substantial evidence. As stated, in substance, by Judge Miller, there was material evidence to support the conclusions and findings inherent in the jury verdict: namely that (1) representations of fact were made by the authorized agent of the defendant to the plaintiffs in connection with negotiations for the new contract; (2) such representations were false; (3) such representations were made by the authorized agent of the defendant, who either knew their falsity, or displayed careless indifference as to whether the representations were true or false such as to constitute actionable fraud; and

(4) the plaintiffs acted in reliance upon such misrepresentations in entering into the new contract and in purchasing the additional equipment. See Shwab v. Walters, 147 Tenn. 638, 643, 251 S.W. 42.

The judgment of the district court is affirmed.