PRESTON LINCOLN–MERCURY, INC.,
Plaintiff-Appellee,

v.

Merle KILGORE, Defendant-Appellant.

Court of Appeals of Tennessee,
Middle Section.

Dec. 6, 1974.

Certiorari Denied by Supreme Court
March 31, 1975.

M. Taylor Harris, Jr., Boult, Cummings, Conners & Berry, Nashville, for plaintiff-appellee.

Jack J. Green, Nashville, for defendant-appellant.

## OPINION

SHRIVER, Judge.

This is a suit to recover under the terms of a lease agreement wherein defendant leased a Lincoln Continental automobile from plaintiff for a term of twenty-seven months, which said lease agreement was terminated by the plaintiff after default in payments by the defendant and said automobile was repossessed and sold by plaintiff.

The case was tried before Honorable Shelton Luton, sitting by designation in Chancery Court, Part One, in Nashville, and resulted in a judgment in favor of plaintiff for a total of $3,533.02 and the costs of the cause, from which judgment defendant duly perfected his appeal to this Court and has assigned errors.

The bill of complaint alleges that, on June 7, 1972, plaintiff and defendant executed a written agreement whereby plaintiff leased to the defendant a 1972 Lincoln Continental Town Car at the basic rate of $370.00 per month, plus sales tax, for a term of twenty-seven months.

On August 2, 1973, plaintiff notified defendant, by letter addressed to him at 812 Sixteenth Avenue South, Nashville, Tennessee, as follows:

"August 2, 1973

Mr. Merle Kilgore
Buddy Lee Attractions
812 16th Avenue South
Nashville, Tennessee

Dear Mr. Kilgore:

Be advised that the 1972 Lincoln Continental, serial number 2Y82A872822 leased to you was repossessed at the Nashville Metro Airport on August 1, 1973. It is now in our possession.

According to the terms and conditions of the lease agreement, the lease is hereby terminated, and is, as of this date, being placed in the hands of our attorney for appropriate legal action.

Yours very truly,
PRESTON LINCOLN–MERCURY, INC.
Tony Noland, Fleet & Lease Manager"

The record does not disclose the number of months defendant was in arrears at the time of the foregoing notice of termination; however, the narrative bill of exceptions, which is very brief and meager, reflects that Mr. Tony Noland, Fleet and Lease Manager for plaintiff, testified that, as of August 1, 1973, his records indicated that the defendant, Kilgore, was in arrears on his rental payments for the automobile, including interest, sales tax and profit, in the amount of $1,581.69. He stated that because of this default plaintiff repossessed the automobile and returned same to their shop where they put it in condition to resell on a retail basis. He further testified that, in preparing the automobile for resale, it was necessary to put new tires on it and do approximately $65.00 in body repairs and that said car was sold in November, 1973, "and after deductions of all applicable expenses of the sale, there was a net to the plaintiff in the amount of $5,547.26."

The narrative bill proceeds as follows:

"That under the terms of the agreement between the parties, there was a balance owing under the contract in the amount of $4,670.80, plus interest. That after deduction of commissions, taxes, license, and anticipated profit, the company suffered an overall loss on the 1972 Lincoln Continental in the amount of $1,131.59."

On cross-examination, he testified that the exact total cost to the Company of the vehicle in question was $9,637.68.

According to the narrative bill, he further testified that, after deduction of all expenses, commissions, taxes and anticipated profit, plaintiff had a net loss of $1,139.59 due to defendant's breach of the contract

with resulting repossession and sale of the automobile prior to the end of the lease term. Also, in addition to the aforesaid net loss, arrearages of defendant in the amount of $1,581.69 were due and owing.

The defendant offered no evidence at the hearing.

The record shows that a judgment by default had been entered against the defendant but, on motion, said default judgment was set aside and the defendant allowed to answer, which answer, after asserting that defendant is a resident of Davidson County, Tennessee, states:

"Your defendant denies each of the allegations of the complaint heretofore filed against him and demands strict proof of same."

The Chancellor awarded plaintiff judgment for $2,713.28, the sum of the delinquent rent of $1,581.69 and the net additional loss of $1,139.59, plus interest on said sum from August 1, 1973.

## ASSIGNMENTS OF ERROR

■ Assignment No. 1 is to the effect that there is no evidence to support the ruling of the Court and is, obviously, without merit in view of the evidence contained in the narrative bill of exceptions, as hereinabove indicated. Hence, Assignment No. 1 is overruled.

Assignment No. 2 that the weight of the evidence preponderates against the judgment of the Court is likewise without merit in that there is material evidence to support the judgment and no evidence in the record on behalf of the defendant to refute same. Hence, Assignment No. 2 is overruled.

■ Assignment No. 3 states that it was error for the Court to enter a judgment in the principal amount of $2,713.28 against the defendant when the proof showed that the plaintiff's loss was $1,131.59.

It is to be noted that the evidence, as set forth in the narrative bill of exceptions, is uncontradicted wherein it was testified by the Fleet and Lease Manager of plaintiff that its net loss by reason of defendant's breach of the lease contract was $1,131.59, and that, in addition thereto, the defendant owed back lease payments in the amount of $1,581.69. Hence, Assignment No. 3 is overruled.

■ Assignment No. 4 is that it was error for the Court to award interest from August 1, 1973, the date of the breach of the lease agreement.

From the record it would appear that when defendant was notified on August 2, 1973 that the lease agreement was being terminated, he was in arrears in monthly payments due the plaintiff in the amount of $1,581.69; hence, it is evident that the Trial Judge did not award interest from the date of the breach of the lease agreement but awarded interest only from the date when the lease agreement was terminated because of the breach which had occurred several months prior to that time and continued as the monthly rental payments came due. That is, the $1,581.69 consisted of several installments which came due during several months preceding August 1, 1969; and plaintiff was entitled to interest on said installments from their respective dates, rather than the later date of August 1, 1973.

Therefore, interest which is provided for in the lease agreement upon all arrearages was not applied, as it might have been, and, of course, it would have amounted to a sum in excess of that which the Trial Judge did allow.

We find no merit in Assignment No. 4; hence, it is overruled.

■ Assignment No. 5 avers that it was error for the Court to enter an attorney's fee in the amount of twenty-five percent on the interest and principal judgment without determining services rendered and that same was excessive and unreasonable.

The lease agreement simply provides for recovery of "all costs and expenses, including attorneys fees incurred by lessor in enforcing lessor's rights hereunder."

Since the narrative bill does not reveal what attorneys fees were charged the lessor in enforcing its rights hereunder, in the state of the record, we must presume that the amount allowed by the Trial Judge was fixed in his discretion in view of his knowledge of the case and the proceedings that had been reasonably necessary in Court in enforcing plaintiff's rights.

Even if it should be considered that the fee allowed below was somewhat excessive for proceedings through the Trial Court, it could hardly be successfully maintained that it is excessive since the litigation has been pursued by appeal through this Court.

■ As to the attorney's fee, as well as the items of expense which plaintiff's witnesses testified were necessary in enforcing its rights under the contract, there is much to be desired in this record. Nevertheless, when appellant brought the case to this Court, it was his responsibility to furnish the Court with a bill of exceptions that would reveal any rights that he may have been denied and any deficiencies in the evidence offered by the plaintiff, if such existed. In the absence of any such evidence in the record, it is our duty to affirm the judgment of the Trial Court under the statute, T.C.A. § 27–303, and decisions thereunder to the effect that the case comes to us for a trial de novo with a presumption of correctness of the decision below.

■ As bearing on the question raised by Assignment No. 5, the following authorities shed some light.

In *Harriman Welding Supply Co. v. Lake City Lightweight Aggregate Corp.,* 46 Tenn.App. 529, 330 S.W.2d 564, it was held:

"Allowance of attorneys' fees should be the exercise of judicial discretion, founded upon court's knowledge of the real value of the services performed, and should not be rested upon testimony of experts as to the general value of professional services."

In *Hail v. Nashville Trust Co.,* 31 Tenn. App. 39, 212 S.W.2d 51, it was held:

"In determining reasonable compensation for legal services, each case must depend upon its own peculiar facts, and same principles apply in the case of minors as in the case of adults."

In *Fiedler v. Potter,* 180 Tenn. 176, 172 S.W.2d 1007, it was held that, in determining reasonable allowance of attorneys' fees, the Court was not bound by expert opinion of attorneys who testified and that the Court can wholly disregard such testimony if in its judgment the fees suggested were excessive or inequitable. Also see *State v. Delinquent Taxpayers,* 26 Tenn.App. 62, 167 S.W.2d 690.

In *Noone v. Fisher,* D.C., 45 F.Supp. 653, it was said that the amount of an attorney's fee recoverable for services rendered is peculiarly within the discretion of the Court because an attorney is an officer of the Court.

Also see *Carmack v. Fidelity Bankers Trust Co.,* 180 Tenn. 571, 177 S.W.2d 351.

We have carefully examined the lease agreement on which this suit is predicated and we find that it, among other things, provides in Section 17 thereof:

". . . Lessor also shall be entitled to recover from Lessee all rentals, sums, and reimbursements then past due *or to become due under this lease* with respect to each vehicle up to the end of the lease term herein stated therefor, together with interest at the highest legal rate and all costs and expenses (including attorney's fees) incurred by Lessor in enforcing Lessor's rights hereunder." [Emphasis supplied]

If the Trial Judge had awarded judgment under the terms above quoted, the amount due under the contract to the end thereof would have been $4,670.80 rent, plus interest, rather than the lesser amount of $1,139.59 rent which was awarded.

From all of the foregoing, it would appear that the defendant was dealt with rather leniently by the Court in the enforcement of plaintiff's rights under the contract and that there is no error in the judgment and decree of the Court. It, therefore, results that the judgment of the Trial Court is affirmed.

Affirmed.

TODD, J., and ALFRED T. ADAMS, Sr., Special Judge, concur.