In re ESTATE OF Kathy Michelle DAVIS, a Minor.

Mary Louise DAVIS, Guardian for Kathy Michelle DAVIS, Petitioner-Appellant,

v.

Michael MURPHY, Respondent-Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 24, 1986.

Application for Permission to Appeal Denied by Supreme Court Oct. 27, 1986.

Thomas L. Reed, Jr., Reed, Rogers & Trail, Murfreesboro, for petitioner-appellant.

Richard W. Rucker, Murfreesboro, for respondent-appellee.

## OPINION

CANTRELL, Judge.

This is a dispute over an attorney's fee for services to a minor. The chancellor approved the fee, finding it to be reasonable. We reverse.

Kathy Michelle Davis was a beneficiary of a $7,500 insurance policy on her father's life. Her father was shot and killed on September 7, 1974. Mary Louise Davis, the child's mother, who was never married to the father, sought the assistance of the appellee in collecting the insurance proceeds and in being appointed guardian of the child.

The appellee's version of their initial agreement is that he informed Mrs. Davis that the fee would be $60–$75 for getting her appointed guardian; that if any litigation was necessary the fee might be as high as $125 plus a percentage of the recovery.

The appellee anticipated that there might be some trouble in collecting the insurance proceeds because the child did not have the same name that was listed on the beneficiary designation on file with the deceased's employer. In addition the policy carried a double indemnity provision that paid two times the face amount of the policy for a death by accident. The appellee anticipated that the insurance company might legitimately contest the fact that this death was accidental.

Nevertheless, the appellee filed out the forms necessary for making the claim, talked to an employee in the home office of the insurance company, talked to some people where the deceased worked, did some research on the accidental death question and on October 22, 1974 submitted the claim to the insurance company. To his surprise, the insurance company paid the full $15,000 on November 13, 1974.

The appellee continued to do some work related to the case after that date. He drew wills for the Davises and sought to recover social security benefits for the child.

On November 27, 1974 the appellee filed a petition on behalf of Mary Louise Davis in the Chancery Court of Rutherford County for the approval of a $3,250 fee for his services. The chancellor approved the fee on December 2, 1974. The appellee collected the fee the next day.

In September of 1975 Mrs. Davis filed a grievance with the Rutherford County Bar Association claiming that the fee was excessive. The bar association appointed an attorney to assist Mrs. Davis in pursuing a refund of the excessive portion of the fee. On December 1, 1975 the attorney for Mrs. Davis filed a petition in the Chancery Court seeking relief under Rule 60.02 of the Tennessee Rules of Civil Procedure from the order approving the fee. After a hearing on September 6, 1979, another judge, sitting by interchange for the chancellor that approved the fee, ordered that the fee be set aside and that the appellee submit "a detailed and specific schedule of the time he expended in assisting Mrs. Davis to resolve those matters, and those matters only, that were originally contracted for by Mrs. Davis." The order was finally entered on March 17, 1982.

Appellee then filed his affidavit on June 13, 1985 showing a total of 41.9 hours expended on the various matters in which the appellee became involved. After a final hearing on June 28, 1985, another chancellor, sitting by interchange, held that the fee was reasonable.

On appeal the first issue raised by the appellant is the propriety of the finding that the appellee is entitled to recover anything more than the $60–$75 quoted in the initial conversation with Mrs. Davis. However, we are of the opinion that the figure quoted was only for services in the guardianship proceeding which would have included drawing a petition, making a court appearance, and then drawing the order appointing Mrs. Davis guardian of the child. The quoted fee was modest for such services even based upon 1974 standards.

■ Therefore, we hold that the parties' agreement concerning the guardianship did not preclude a later understanding that the appellee would be entitled to a fee for collecting the insurance. The parties, however, never agreed upon how the appellee would be compensated for these services. In a case where the parties do not have a clear understanding about the fee, the lawyer should be compensated on the basis of a reasonable fee for the services rendered. *Cooper & Keys v. Bell*, 127 Tenn. 142, 153 S.W. 844 (1913).

■ In *Connors v. Connors*, 594 S.W.2d 672 (Tenn.1980), our Supreme Court set out some of the factors to be considered in setting a reasonable value on an attorney's services. In general, these factors parallel the factors set forth in Disciplinary Rule 2–106 of the Code of Professional Responsibility (Rule 8 of the Rules of the Tennessee Supreme Court).

That rule provides:

"DR 2–106. Fees for Legal Services.—
(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent. "

Applying these factors to the facts of this case, we note that the only factors that seem to have any particular relevance are the first, third and fourth. As to the first,

the time, labor, and skill involved in this case in collecting the insurance were not of an extraordinary nature. Although the appellee insists that his expert presentation persuaded the insurance company to pay the claim, including the double indemnity amount, there is simply nothing in the record to support that contention. So far as the record shows, anyone could have filled out the forms and submitted them to the insurance company. The appellee may have spent an extraordinary amount of time on what was a routine matter, but that is hardly a reason to enhance his fee.

As to the third consideration listed above, there is testimony in the record that a reasonable fee in Rutherford County at the time in question would range from $100 to the full $3,250 charged. The wide divergence in opinions persuades us to ignore the expert testimony in the record and rely on our own knowledge of the real value of the services performed. *Preston Lincoln-Mercury v. Kilgore,* 525 S.W.2d 155 (Tenn. App.1974).

The amount involved was not great; the results obtained were, however, very satisfactory.

Based on the consideration of all the above factors, we conclude that a reasonable fee in this case would be payment for the hours spent on the various matters undertaken for the benefit of the minor child at the normal hourly charge for ordinary legal services in Rutherford County as of the time the services were rendered. The proof shows that the normal hourly charge for legal services in Rutherford County in 1974 to be from $30 to $40 per hour.

The affidavit filed by the appellee does not separate the time he spent on the guardianship matter from the time he spent on the insurance claim. Also, the account includes time expended in drafting wills for Mr. and Mrs. Davis and in filing the original petition to get his fee approved. The minor is not responsible for the wills nor do we think that the minor child should be responsible for the time spent in getting an excessive fee approved.

Therefore, we delete two hours from the total for the wills and 5.8 hours spent in getting the fee approved. That leaves a combined total of 34.1 hours spent on the guardianship proceeding and collecting the insurance. At $40 per hour that comes to a total of $1,364 which we find is a liberal fee for the services rendered in this cause.

The appellant also contends that the appellee should be required to pay interest on the amount the fee exceeds a reasonable fee. We are not persuaded that this is a case compelling the payment of interest. The amount due to be refunded by the appellee has never been liquidated and settled. In fact, the chancellor in the court below ruled in favor of the appellee. Therefore, the case does not fall within the provision of T.C.A. § 47–14–109 with respect to a liquidated debt.

Under T.C.A. § 47–14–123 the court may award pre-judgment interest as an element of damages if in the discretion of the court or the jury the award is justified. The allowance of pre-judgment interest, however, is not a penalty to be imposed upon the defendant but is to be allowed in accordance with the principles of equity. *Schoen v. J.C. Bradford & Company,* 667 S.W.2d 97 (Tenn.App.1984).

In the present case, the record simply does not show who is responsible for the unconscionable delay in bringing this matter to a conclusion. The petition to set aside the judgment allowing the original fee was filed in December of 1975; a hearing held in 1979 resulted in a ruling which was not made a matter of record until 1982; the appellee did not file his affidavit showing his expenditure of time until 1985; but the record does not reflect any attempt by the appellant to require him to comply with the order of the court. Therefore, the court cannot as a matter of equity determine who was at fault for the long delay in this case. Therefore, the allowance of interest on the excessive amount of the appellee's fee should be denied.

The judgment of the court below is reversed, and a judgment is entered here

requiring the appellee to reimburse the appellant as the guardian of the minor child for the amount over and above the reasonable fee as determined in this decision. The cause is remanded to the Chancery Court of Rutherford County for any further proceedings necessary. Tax the costs on appeal to the appellee.

TODD, P.J. (M.S.), and KOCH, J., concur.