IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

BETTY BERRYHILL,

    Appellant,

Vs.

CHARLES THOMAS RHODES,

    Appellee.

C.A. No. 02A01-9701-JV-00011
Shelby Juvenile No. G8355

FILED

October 14, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FROM THE SHELBY COUNTY JUVENILE COURT
THE HONORABLE KENNETH TURNER, JUDGE


Mitchell D. Moskovitz of Memphis
For Appellant

Robert L. Green; Neely, Green, Fargarson,
Brooke & Summers of Memphis
For Appellee


*VACATED AND REMANDED*

Opinion filed:


**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**


**CONCUR:**

**DAVID R. FARMER, JUDGE**

**SEPARATE OPINION - CONCURRENCE IN PART
DISSENT IN PART:**

**HOLLY KIRBY LILLARD, JUDGE**

    This is a paternity case. Plaintiff, Betty Berryhill, appeals the trial court's order denying

retroactive child support and awarding her only $500 of her attorney fees.

    Appellant Betty Berryhill is the natural mother of Anika Berryhill who was born on

September 5, 1977. Ms. Berryhill met the appellee, Dr. Rhodes, while a psychiatric patient of his in 1975 or 1976. The two began a sexual relationship which resulted in the birth of Anika in 1977. Dr. Rhodes paid child support in the amount of $250 per month for the first six months of Anika's life and then increased this amount to $300 per month. Dr. Rhodes made these payments regularly until Anika reached the age of eighteen (18) in September 1995. Ms. Berryhill contends that despite repeated requests, Dr. Rhodes refused to increase the support and told her to take him to court if she wanted more. Dr. Rhodes was divorced from his wife (not Berryhill) in 1990 and was ordered to pay $2,000 per month for the support of his two minor daughters from that marriage. This amount was paid for a period of 23 months, until his daughters graduated from high school.

In October 1995, Ms. Berryhill filed a Petition to Establish Paternity in the Juvenile Court of Shelby County. After an evidentiary hearing, the juvenile court referee made findings and recommendations which were in part as follows:

> The Referee further finds that the parties voluntarily entered into an agreement at the birth of said child for the defendant to assume and pay expenses incidental to the birth of said child, and for the defendant to pay $250.00 per month as child support. When said child reached six (6) months of age petitioner requested an increase and the parties settled on child support of $300.00 per month. All said agreed upon payments were paid by the defendant to the petitioner until said child attained her majority and graduated from high school in 1995.
>
> . . . . The petitioner's proof indicated that had the present "Guidelines" for setting child support been applied prior to 1983 the amount of support would have been less than the amount agreed upon. The proof further indicated that if the "Guidelines" had been applied in 1990 the defendant's income would have warranted support above the amount agreed upon by the parties.
> . . .
>
> From all of which the Referee finds that the amount of support agreed to by the parties was just and reasonable for the support of the minor child, and it would be unfair and unreasonable to unjustly enrich the petitioner by ordering additional support subsequent to the minor attaining majority.
>
> IT IS THEREFORE RECOMMENDED
>
> 1. That said child shall be a legitimate child of the defendant for purpose of inheritance, support, and all other lawful purposes.
>
> 2. That petitioner's request for back child support be denied.
>
> 3. That petitioner be awarded attorney fees, to be paid by the defendant, in the amount of $500.00.

4.  That the defendant shall reimburse the State for blood tests in the amount of $165.00 to be paid to the Clerk of this Court within thirty (30) days.

5.  That the defendant shall pay the costs for which execution may issue.

Upon confirmation by the juvenile court judge, the findings and recommendations became the court's decree.

Ms. Berryhill appeals the judgment of the juvenile court and presents three issues for review: 1. Whether the trial court erred in denying her retroactive child support from the date of Anika's birth; 2. In calculating the presumptive child support amount, whether it is proper to average the obligor's income over ten years instead of two years as provided in the guidelines; and 3. Whether the trial court erred in awarding Ms. Berryhill only $500 of her approximately $5,000 in attorney and expert fees.

We will consider the first two issues together.

Ms. Berryhill asserts that it was error for the trial court to hold that there was an agreement between herself and Dr. Rhodes as to the amount of child support to be paid, and thus it was inappropriate to deviate from the Child Support Guidelines and deny additional support. Ms. Berryhill contends that if this Court finds that additional support is warranted, a ten year average of Dr. Rhodes's income should be used to calculate support rather than the two year average spelled out in the guidelines.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

Upon a determination of paternity, the father of the child is, among other things, liable for the support and education of the child. T.C.A. § 36-2-102(1) (1996). In addition to providing for the support and education of the child, the order of paternity shall also provide "for the support of the child prior to the making of the order of paternity and support." T.C.A. § 36-2-108(b) (1996). Child support in Tennessee is statutorily governed by T.C.A. § 36-5-101 (1996). Section 36-5-101(e)(1) provides that "[i]n making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a

3

rebuttable presumption the child support guidelines as provided in this subsection." The guidelines referenced are promulgated by the Department of Human Services in chapter 1240-2-4 of the *Official Compilation of the Rules and Regulations of the State of Tennessee*. In the past there have been diverse rulings as to whether the Child Support Guidelines promulgated in 1989 are to be applied retroactively. *Compare* **State ex rel. Coleman v. Clay,** 805 S.W.2d 752, 755 (Tenn. 1991); **Shell v. Law**, No. 03A01-9608-CV-00251, 1997 WL 119581 (Tenn. App. E.S. March 18, 1997) *and* **Kirchner v. Pritchett**, No. 01-A-01-9503-JV-00092, 1995 WL 714279 (Tenn. App. M.S. Dec. 6, 1995) (all stating that awards for expenses arising between the child's birth and the adjudication of paternity are within the discretion of the court considering the facts of the particular case) *with* **Townsend v. Thompson**, No. 02A01-9211-JV-00321, 1993 WL 512538 (Tenn. App. W.S. Dec. 10, 1993) (holding that the child support guidelines apply to retroactive awards of support for periods prior to their 1989 effective date). However, the guidelines, as amended in 1994, now specifically provide that the "rebuttable presumption must be applied to all child support awards even if the order is being sought for a retroactive period before October 13, 1989." Tenn. Comp. R. & Regs. vol. 19, ch. 1240-2-4-.01(2) (1996). Although this Court questions the wisdom of applying such a presumption in cases where retroactive support is sought, the guidelines leave no doubt of their applicability. However, the guidelines provide only an additional evidentiary tool, and we do not consider the inclusion of the presumption for retroactive support as abrogation of our Supreme Court's admonition that the "juvenile judge has broad discretion to determine the amount of such a retroactive award, as well as the manner in which it is paid." **Coleman**, 805 S.W.2d at 755. Despite this evidentiary presumption, the trial court retains discretion to deviate from the guidelines in certain situations.

> If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

T.C.A. § 36-5-101(e)(1) (1996).

The statute requires that before a judge can deviate from the guidelines, he must first determine what the presumptive amount of support would be if the guidelines were strictly

applied. The guidelines provide that the amount of support is to be calculated "using the average income of the obligor over the past two years and is presumed to be correct unless rebutted by either party." Tenn. Comp. R. & Regs. vol. 19, ch. 1240-2-4-.04(1)(e) (1996). In this case, both parties have attempted to rebut this presumption. Dr. Rhodes asserts that the juvenile court properly found that there was an agreement between the parties as to the amount of child support, and it was thus appropriate to deviate from the guidelines and honor the parties' agreement. Ms. Berryhill asserts that there was no such agreement and that the guidelines should be applied retroactively. However, she claims that through her expert accountant she has established that calculating support using a ten-year average of Dr. Rhodes' income would be more "prudent and accurate" than the two-year average called for in the statute.

Ms. Berryhill asserts that in establishing an average annual income for eighteen years it would be more "prudent and accurate" to use ten years of income instead of two years of income as provided by the guidelines. We need not decide what is more "prudent and accurate," because the guidelines provide for establishing the presumptive average annual income for the time period involved by using the average of the last two years income prior to the adjudication of paternity. Although this established a presumptive annual income, evidence as to the actual income for each year in the involved period is admissible to rebut the presumption established by the guidelines.

Dr. Rhodes asserts that the guidelines should not apply because he and Ms. Berryhill had an agreement wherein he would pay her $300 per month in child support. Since this amount was in fact paid to Ms. Berryhill for eighteen years and there has been no showing that this amount was inadequate for Anika's support, Dr. Rhodes argues that his obligation under the law has been satisfied.

Tennessee Code Annotated § 36-5-101(h) states that "[n]othing in this section shall be construed to prevent the affirmation, ratification and incorporation in a decree of an agreement between the parties as to support and maintenance of a party or as to child support." All cases we have found construing this subsection involve formal agreements such as Marital Dissolution Agreements. However, the language of the statute indicates the legislature's intent that agreements between adult parties should be a consideration of the court. Moreover, the judge still has discretion to deviate from the guidelines "if it would be unjust or inappropriate . . . , in

5

order to provide for the best interest of the child(ren) or the equity between the parties." T.C.A. § 36-5-101 (e)(1).

Ms. Berryhill objects to the finding that there was an agreement, and contends that the record is devoid of any evidence of an agreement between herself and Dr. Rhodes. While it is true that there was no formal written agreement between Ms. Berryhill and Dr. Rhodes regarding child support, an agreement can be implied by examining the actions of the parties and the circumstances involved. Although it is unclear from the record whether Dr. Rhodes began making child support payments of his own volition or at the request of Ms. Berryhill, we think that even if there were no agreement initially, it is highly unlikely that the amount was increased from $250 to $300 without there having been a request made. This amount was apparently satisfactory to Ms. Berryhill for a time; at least until Anika was approximately 5 years old when a request was made for additional funds to send her to private school. Ms. Berryhill contends that her repeated requests for additional support demonstrate that she had not reached an agreement with Dr. Rhodes. It is undisputed that Ms. Berryhill requested more money and that Dr. Rhodes's reply was that he could not pay more money and that she would just have to take him to court. Dr. Rhodes's is saying, in effect, "if you don't agree to the amount, you will just have to take me to court." For some thirteen years Ms. Berryhill accepted the monthly payment without going to court which does create at least an inference that she agreed to the amount of payment. Furthermore, Ms. Berryhill's admission that prior to the time of trial she had not spoken with Dr. Rhodes for five or six years is evidence of further acquiescence in the amount of support offered.

This Court has held that "contracts implied in fact arise under circumstances which, according to the ordinary course of dealings and common understanding of men, show mutual intention to contract, and may result as legal inferences from the facts and circumstances of the case." *Mefford v. City of Dupontonia*, 49 Tenn.App. 349, 356, 354 S.W.2d 823, 826 (Tenn. App. 1961) (citing *Weatherly v. American Agric. Chem. Co.*, 16 Tenn. App. 613, 65 S.W.2d 592 (1933)).

> [T]he difference between an express and implied contract lies merely in the mode of manifesting assent in that in the former, assent is set out in words or other mode of expression, whereas in the latter, assent is shown by the conduct of the parties. Thus it appears that in order that a contract may be implied in fact, the

6

>facts and circumstances of the case must show assent.

*Id*. (citing *Noone v. Fisher*, 45 F. Supp. 653 (E.D. Tenn 1942)). We hold that the evidence does not preponderate against the finding of the trial court that there was an agreement between Ms. Berryhill and Dr. Rhodes for the payment of child support.

Although we feel that the evidence does not preponderate against the trial court's finding that there was an implied agreement between the parties, we do not consider this finding necessary to reach a decision in this case. The court may deviate from the guidelines under the authority of subsection (e)(1) of T.C.A. § 36-5-101, if the court finds that "the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties."

We feel that given the facts of this particular case and considering the equity between the parties, it would be unjust and inappropriate to apply the guidelines retroactively. In a "normal" paternity action where retroactive child support is sought, the best interests of the child will play a predominant role in the analysis. However, in the case before us, the "child" at issue was eighteen years old when the paternity action was initiated and is now a twenty year old college student. Ms. Berryhill has presented no evidence that the needs of her daughter have not been properly met. The only evidence regarding financial expenditures by Ms. Berryhill on behalf of her daughter relates to the purchase of health insurance. While the guidelines now provide that the presumptive amount is to apply retroactively, the court still retains discretion to deviate in the best interest of the child or to provide for the equity between the parties.

The juvenile court judge found that "the amount of support agreed to by the parties was just and reasonable for the support of the minor child, and it would be unfair and unreasonable to unjustly enrich the petitioner by ordering additional support subsequent to the minor attaining majority." While we feel that the "unfair and unreasonable" language used by the trial judge is substantially equivalent to the "unjust or inappropriate" standard spelled out in the guidelines, we must remand this case because the trial judge did not comply with the guidelines which require that "[f]indings that rebut these guidelines must state the amount that would have been required under the guidelines and include a justification for deviation from the guidelines which takes into consideration the best interest of the child." Tenn. Comp. R. & Reg. vol 19, ch. 1240-2-4-.02(7) (1996); see also, T.C.A. § 36-5-101 (e)(1).

7

The appellant raises one final issue for review: Whether the juvenile court judge abused his discretion by ordering the payment of only $500 of appellant's approximately $5,000 in attorney and expert fees. Tennessee Code Annotated § 36-2-102 provides that "[t]he father of a child born out of wedlock is liable for . . . [s]uch expenses, including counsel fees, in connection with the mother's pregnancy as the court in its discretion may deem proper."

In an affidavit submitted the day of the original hearing on this matter, Ms. Berryhill's counsel claimed fees and expenses, exclusive of trial, of $4,153.09. While it is true that setting a low fee is not necessarily evidence of an abuse of discretion, the trial judge in this case failed to specify how he arrived at the $500 fee awarded. We feel that since Dr. Rhodes disputed paternity, Ms. Berryhill is entitled to recover the reasonable expenses and fees she incurred in establishing paternity. Although the trial judge has broad discretion with respect to the awarding of attorney fees, it appears that he abused his discretion in this situation. We remand the case for a determination of the appropriate attorney fee and expenses considering the contested nature of the paternity petition.

For the foregoing reasons, the judgment of the juvenile court is vacated and the case is remanded for further proceedings consistent with this opinion. Costs of the appeal are assessed equally to the parties.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**


**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**

8