## AUGUR *v.* SMITH.

## (*Knoxville.* November 14, 1891.)

1. FRAUD. *What constitutes fraud in exchange or sale of lands.*

   A. sold S. lands valued at $7,000, and agreed to accept in payment therefor 1,335 acres Mississippi lands at $3 per acre, and cash and notes for remainder of purchase-price. S. falsely represented to A., who had never seen the Mississippi lands, that they were fine timber lands, covered with virgin forests, and worth $3 per acre. In fact, the timber had been cut off, and the lands were of inferior quality, and worth only twenty-five to fifty cents per acre. The price fixed by A. on his lands was reasonable.

   *Held:* S. was guilty of fraud. This is not a case of mere puffing on his part.

2. MEASURE OF DAMAGES. *For fraud in sale of lands.*

   And A. is entitled to recover of S. the difference between the estimated and real value of the Mississippi lands. But S. may elect, if he prefers, to take the Mississippi lands and pay their full estimated value.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. P. B. MAYFIELD, Sp. Ch.

L. M. ELDER for Augur.

J. T. LUPTON for Smith.

SNODGRASS, J.   Augur exchanged lands with Smith.   He let Smith have three lots in Highland Park and eleven lots on Orchard Knob, and took in exchange 1,335 acres of land in Mississippi.   The Mississippi land was taken at an agreed valuation of $3 per acre.

Augur's lots were valued at $7,000.

The other payments made and assumed by Smith were as follows:   $1,500 cash; notes due on Highland Park lots, $833.33; two notes aggregating $666.

This bill was filed March 18, 1889, by Augur averring that Smith deceived him as to the condition and value of the Mississippi lands—having represented that the land was fine timbered land, well located within eight miles of Scranton; that it was pine land, high and level, and covered with virgin forest of pine, and worth $3 per acre; that complainant knew nothing of the land, and relied on the representations of Smith; that he has since learned that the timber has been cut off, and that remaining is practically valueless, the land being worth only 25 cents per acre; and that all the other representations were false, and made with intent to deceive him.   He sues to recover $3,666.25—difference in represented and actual value of the Mississippi land.

To all this he testifies, and, in addition, that Smith represented to him that the timber would cut 16,000 feet to the acre.

Smith denied these several allegations or evaded

them, and insisted, in his testimony, that he did not represent that the land was virgin forest land (though this he evaded in answer), or worth $3 per acre, but so priced it because complainant's lots were overvalued, and says complainant was not deceived by him about the land; denies representing land as worth $3 per acre cash, but says that he told Augur he could not now realize $3 per acre, but possibly could on time.

Smith testified about as he answered, except that he represented it to be pine land, high and dry, and in the neighborhood of twelve miles from Scranton, and that he did not remember that he made any particular representation as to value, except that there was some similar class of property that was sold or selling at $2 or $3 per acre. He denied that he represented it to be virgin forest, or that it would cut 16,000 feet to the acre.

The complainant proved by Hager and Hayden, witnesses introduced by him, that Smith did represent it as fine timber land, and by the former that he said it was virgin forest. He also proved by the latter that he thought Smith represented the land as worth about $3 per acre; that it was chiefly valuable for timber, and, after the timber was cut off, it would be valuable for farming land, and eight to twelve miles from Scranton. These witnesses prove Augur's lots to be of the value fixed, and show that Augur was asking this much for them. Augur also proved by Witness Wallace that the Highland Park lots were worth

$2,700, and by Witness Payne that the Orchard Knob lots were worth $400 to $450 each.

On the contrary, defendant proved by several witnesses that the Highland Park lots were worth from $400 or $450 to $533, and the Orchard Knob lots from $2,500 to $2,750.

Respecting the Mississippi land, he proved that it was worth only from 25 to 50 cents per acre; that the timber of value had been cut and removed, and that some of it was swampy, and that it lies from thirteen to eighteen miles from Scranton. On these facts, the question is, Was he entitled to recover?

The Chancellor held that it was a case of puffing and overvaluation on each side, and refused the relief sought by the bill, except that in consequence of proof of some loss of land, and adverse claim, not heretofore adverted to because deemed immaterial, defendant, not having appealed, he gave a decree against defendant for $300.

We are constrained to hold that the Chancellor was in error.

The weight of the evidence is that Smith represented the land as fine timbered land, and as virgin forest, and of the value of $3 per acre.

The clear proof is that it is of little value, with timber cut off many years ago, that on it now being a young growth and not valuable, and that it is not worth more than 50 cents per acre at the outside; and while defendant's evidence shows the lots conveyed by Augur worth at the

outside $4,350, yet about an equal weight of evidence on the other side indicates they were worth $7,000; and added to this is the fact that Augur so testifies, and that he asked this much for them, and thought he was receiving it. The defendant, therefore, is not to be permitted to disappoint that expectation by depreciating them, when he agreed to give that amount. We cannot say that the weight of evidence is in favor of a less value. But if it were, complainant could not be compelled to take it under the facts of this case. Upon the whole evidence, he is entitled to the full value for which he sold.

He seeks an abatement and recovery of the difference in actual and represented value of the Mississippi lands, and general relief.

We think the case made is one which requires relief, and that complainant should recover of Smith the difference between the amount for which the lands were taken ($3 per acre) and their actual value (50 cents per acre) for the entire 1,335 acres.

The defendant, Smith, will have his election, however, to retain the land at this price, if he prefers—equity to him requiring it—and in that event decree will be in favor of complainant for the full value of the land and interest. No estimate will be made of rents or taxes paid.

The decree of the Chancellor is reversed, and decree here entered as indicated, letting it therein appear whether Smith elected to keep the land.

In that event complainant will be required to re-convey by deed.

The cost of both Courts will be paid by De-fendant Smith, except that incident to the attack on the DeGolia deed.