Burton *v.* Farmers', etc., Association.

(*Jackson.* April 14, 1900.)

1. CHANCERY PLEADING AND PRACTICE. *Making up issues for jury trial.*

Under the statute relating to jury trial in the Chancery Court, which provides that "the issues shall be made up by the parties, under the direction of the Court, and set forth briefly and clearly the true questions of fact to be tried," the Chancellor has the power, and it is his duty, to shape and mould the issues submitted by the respective parties, in such manner as to present the material and determinative questions of fact in the case made by the pleadings. The parties can neither cast upon him the entire burden of preparing the issues, nor control his discretion in supervising issues presented by themselves. (*Post, pp. 417, 418.*)

Code construed: ¿ 6285 (S.); ¿ 5218 (M. & V.); ¿ 4468 (T. & S.)

Cases cited: Ragsdale *v.* Gossett, 2 Lea, 740; Gass *v.* Mason, 4 Sneed, 508; Pearce *v.* Suggs, 85 Tenn., 728; Cheatham *v.* Pierce, 89 Tenn., 668; Conner *v.* Frierson, 98 Tenn., 183.

2. EVIDENCE. *Statements of deceased agent of a corporation.*

Conversations and statements of an agent of a corporation, otherwise competent evidence against the corporation, are not rendered incompetent by the death of the agent. (*Post, p. 418.*)

Code construed: ¿ 5598 (S.); ¿ 4565 (M. & V.); ¿ 3813*d* (T. & S.)

3. SAME. *General exceptions to.*

General exceptions to evidence, specifying no grounds, are unavailing. (*Post, p. 418.*)

4. SAME. *Immaterial error in admitting.*

Admission or rejection of evidence directed to an issue that has become wholly immaterial in the determination of the case, cannot constitute cause of reversal. (*Post, p. 418.*)

Burton *v.* Farmers', etc., Association.

5. BUILDING AND LOAN ASSOCIATIONS. *Loans must be made upon open, competitive biddings.*

  To entitle building and loan associations to the benefit of the peculiar and exceptional rules, as regards usury, that have been conceded to them, their loans must be made at a stated meeting of the directors, and upon open and competitive biddings. (*Post, pp. 418, 419.*)

---

### FROM CARROLL.

---

Appeal from Chancery Court of Carroll County. A. G. HAWKINS, Ch.

Jo. R. & LEE B. HAWKINS and J. W. MURPHY for Burton.

McCALL & McCALL for Farmer's Building & Loan Association.

WILKES, J. Complainants filed this bill to enjoin defendants from selling their land under a deed of trust, upon the several grounds that it was obtained by fraudulent misrepresentations; that the transaction was a simple borrowing of money, and securing the same by a deed of trust, and that it was so understood by complainants, and so represented by defendant's agent; that they did not bid for any loan of money, as is the practice in cases of loans by building and loan associations; that they were not stockholders in the asso-

ciation, and that the transaction was usurious. These several allegations, designed to impeach the transactions, were denied by defendant. A jury was demanded for the trial of the issues of fact involved. Four issues were submitted to the jury, in substance as follows:

1. Whether complainants were induced · to execute the note and mortgage by the fraudulent representations of the defendant association.

2. Whether the complainants bid for any loan of money in open, competitive bidding at a stated meeting of the directors of the company.

3. Whether complainants or either of them was a stockholder in the association when · the money was borrowed.

4. Whether the premium required upon the loan was a fixed' one, or one ' arrived at by competitive bidding.

These issues were all found in favor of complainants' contention, but the verdict upon the first issue was set aside by the Court, but deeming the other issues determinative of the merits of the controversy and of the rights of the parties, the Chancellor rendered judgment in favor of the complainants.

The decree is, in substance, that complainants are liable only for the amount of money borrowed, and six per cent. interest, less the amounts paid upon the same, computing interest according to the rule of partial payments, and there was the nec-

essary and usual order of reference to ascertain the amount. Defendant association has appealed and assigned error.

The first error assigned is as to the manner in which the issues were made up to be submitted to the jury. It appears that formal issues (several in number) were submitted by both complainants and defendant. The Court deeming some of the issues not proper and some not material, proceeded to formulate the issues himself, embracing portions of those submitted by each party.

The statute, Shannon, § 6285, provides that "the issues shall be made up by the parties under the direction of the Court, and set forth briefly and clearly the true questions of fact to be tried."

A proper construction of this statute requires the Chancellor to see that proper and material issues are submitted, and such as are determinative of the question involved, and while on the one hand the Chancellor may not arbitrarily frame these issues without regard to the pleadings, he may at the same time, and it is his duty, to so mould them after they are submitted by the parties as to reach the merits of the controversy. Upon the one hand parties cannot require the Chancellor to undertake the task of framing the issues; upon the other, they may not restrain him from so shaping them as in his sound judgment may be necessary to test the material and de-

terminative questions of fact in the case. *Ragsdale* v. *Gossett,* 2 Lea, 740; *Gass* v. *Mason,* 4 Sneed, 508; *Pearce* v. *Suggs,* 85 Tenn., 728; *Cheatham* v. *Pierce,* 5 Pickle, 668; *Conner* v. *Frierson,* 98 Tenn., 183.

We can see no error in the action of the Chancellor upon this feature of the cases. The issues submitted were proper, material, and determinative, as they should have been. Some of those submitted by the parties did not have this virtue nor meet these requirements.

Several objections are taken to testimony of witnesses. They go to the point that statements made by the association's agent could not be given in evidence, he being dead. These assignments are not well made. Wilson, the agent, it is true was dead, but the suit was not against his executor or administrator, and did not involve him personally, or his estate. Conversations with him, and statements made by him, were not therefore incompetent under the statute. Shannon, § 5598.

Many of these objections are not properly made, being general and not specifying the grounds, and most of the statements objected to are immaterial, in view of the fact that the Chancellor set aside the verdict of the jury upon the first issue, to which issue the testimony was in the main directed.

It is said that the Court erred in telling the jury that it was incumbent on the association to

show that the loan was made at a stated meeting of the directors, and upon open, competitive biddings. There was no error ·in this. The rule of open, competitive biddings is one essential to the valid and proper exercise of the business of such associations, and it is incumbent on them to show a compliance with this provision of the law in order to have the benefits of the law in regard to loans.

The other objections to the charge we consider immaterial, under the action of the Court setting aside the verdict on the first issue. We are of opinion, however, that the criticisms are not well made. It is said that there is no evidence to support the verdict of the jury. This we think is not well taken, as there is ample evidence. It is said the Chancellor should have rendered decree for defendant association irrespective of the findings of the jury. This we think is not well taken. The issues submitted were material and determinative, and being properly submitted, and found by the jury, are conclusive and binding upon the Court.

We see no error in the decree of the Chancellor, and it is affirmed, and the association will pay costs of appeal. The cause will be remanded for further proceedings.