William J. HAYNES, Jr., et ux.,
Plaintiffs-Appellees,

v.

CUMBERLAND BUILDERS, INC.,
Defendant-Appellant.

Court of Appeals of Tennessee,
Middle Section.

Sept. 3, 1976.

Certiorari Denied by Supreme Court
Jan. 17, 1977.

Thomas C. Scott and John E. Buffaloe, Jr., Nashville, for plaintiffs-appellees.

James L. Bass, Nashville, for defendant-appellant.

## OPINION

DROWOTA, III, Judge.

The plaintiffs, William J. Haynes, Jr., and Carol Donaldson Haynes, filed suit against Cumberland Builders for fraudulent misrepresentation in a land sales transaction. The Chancellor rendered a judgment for the plaintiffs on the ground of misrepresentation or mutual mistake. The defendant has appealed from this judgment.

On July 24, 1974, the plaintiffs-appellees entered into a contract to purchase a house and lot, more particularly described as Lot No. 34, Gold Key Estate Subdivision, from the defendant-appellant for $35,000.00. The property was conveyed to the plaintiffs on September 6, 1974. The plaintiffs alleged that prior to the conveyance, the defendant's agent, W. A. Appleton, described their boundary line to Lot No. 35 as being straight with a telephone pole at the front of their property. This representation indicated to the plaintiffs that their driveway was wholly enclosed by their property.

Construction began on Lot No. 35 early in 1975. When the plaintiffs became concerned about the proximity of the construction to their purported boundary line, the defendant informed them that the actual boundary line with Lot No. 35 ran in the middle of their driveway.

The plaintiffs filed suit in the Chancery Court of Davidson County on January 29, 1975, against Cumberland Builders, Inc., L. Hall Hardaway, Sr. and W. A. Appleton, seeking reformation of the deed. In an amended complaint dated March 18, 1975, the plaintiffs sought the alternative remedies of rescission of the land sale contract or legal damages for misrepresentation. Mr. Appleton died on February 20, 1975, and the complaint was not revived against his estate. Upon the plaintiffs' motion, the Chancellor dismissed their complaint against Hardaway with prejudice. The case against the remaining defendant, Cumberland Builders, Inc., was heard on December 12, 1975. The Chancellor, while refusing to grant rescission, held the defendant liable to the plaintiffs for $5,000.00 in damages. The defendant has perfected an appeal to this Court.

The appellant has assigned eight errors on the part of the Chancellor. Each will be dealt with individually. This opinion will resolve the issues in the following order: (1) the admission into evidence of William J. Haynes, Jr.'s conversation with the defendant's deceased agent, W. A. Appleton; (2) the alleged fraud perpetrated upon the plaintiffs; (3) the plaintiffs' proper remedy and (4) the plaintiffs' obligation to mitigate the damages resulting from the tortious conduct.

### (1)

■ The Chancellor admitted into evidence a conversation between William J. Haynes, Jr., plaintiff, and the defendant's deceased agent, W. A. Appleton. The appellant contends that because Appleton was a party to this lawsuit T.C.A. § 24–105, the Deadman's Statute, prohibits the admission into evidence of this conversation even though the complaint against Appleton was dismissed with prejudice. We disagree.

T.C.A. § 24–105 renders incompetent a witness who has observed a transaction involving a decedent only when that decedent's estate or administration is a party to the lawsuit. T.C.A. § 24–105; *Burton v. Farmers' Building & Loan Association*, 104 Tenn. 414, 58 S.W. 230 (1900). This statute cannot be extended by the courts to cases not within its terms upon the idea they fall within the evil which was intended to be guarded against. As an exception, it must

be strictly construed as against the exclusion of the testimony and in favor of its admission. *Newman v. Tipton*, 191 Tenn. 461, 234 S.W.2d 994 (1950); *Christofiel v. Johnson*, 40 Tenn.App. 197, 290 S.W.2d 215 (1956).

W. A. Appleton's estate is not a party to this lawsuit. T.C.A. § 24–105 is not applicable to the case at bar.

■ The appellant next makes the novel argument that the dismissal of Appleton from this case was improper because it deprived him of his vested right to assert the Deadman's Statute. The appellant cites for authority *Rickets v. Sexton*, 533 S.W.2d 293 (Tenn.1976) and *Anderson v. Smith*, 521 S.W.2d 787 (Tenn.1975).

The *Anderson* case stands for the proposition that a plaintiff's right to take a nonsuit against a defendant under Rule 41 of the Tennessee Rules of Civil Procedure is subject to the qualification that the granting of the nonsuit cannot deprive the defendant of a right which has vested during the pendency of the case. The rule of the *Anderson* case is not controlling here for three reasons. First, *Anderson* involves a plaintiff's ability to claim a nonsuit as a matter of right, whereas our case involves the dismissal of a party from the case with prejudice. Second, the rights involved in *Anderson* were property rights, an interest in the condemned property and the right to receive compensation for publicly condemned property. The availability of a legal defense is not a "vested right" within the purview of *Anderson*. Third, if Appleton's estate were made a party to this suit, the Deadman's Statute would still not be available to the appellant. Where there are multiple parties to a lawsuit, one of whom is an estate or an administrator, that witness can still testify as to the transaction with the decedent as to the other parties to the suit, even though T.C.A. § 24–105 renders a witness incompetent to testify against the estate. *Carman v. Huff*, 32 Tenn.App. 687, 227 S.W.2d 780 (1949). The statute renders the witness incompetent as to the estate, it does not render the evidence wholly inadmissible. The appellant's first assignment of error is overruled.

■ The appellant next argues that the admission into evidence of the Haynes-Appleton conversation contravened the Parol Evidence Rule and the Statute of Frauds. This argument is meritless. This case is sounded in tort. It is an action for fraudulent misrepresentation. The Parol Evidence Rule applies to suits on a contract. It has no application to a case involving a fraudulent misrepresentation which induces the execution of a contract. *Fine v. Stuart*, 48 S.W. 371 (Tenn.Ch.App.1898). For the same reasons as enumerated above, the Statute of Frauds is not available to the defendant-appellant. *Hampton v. Hancock*, 4 Tenn.Civ.App. 419 (1914). The appellant's fourth assignment of error is overruled. We hold that the Chancellor properly admitted into evidence the conversation between Haynes and the defendant's agent, Appleton.

(2)

■ The next issue is the defendant's liability to the plaintiffs. The Chancellor found the defendant liable on the ground of misrepresentation or mutual mistake as to the true location of the property line. The basis of this ruling is a finding of fact that W.A. Appleton, agent for the defendant, pointed out to the plaintiff the boundaries of the property and represented that a utility pole in the northeast corner was on the property line. Appleton further represented to the plaintiff that his driveway was within the bounds of his property. This case comes before this Court upon a simple appeal. The standard of appellate review in such a case is de novo. T.C.A. § 27–303. In reviewing such a case, the Chancellor's findings of fact are accompanied by a presumption of correctness; they can be reversed only when the evidence in the record preponderates against them. T.C.A. § 27–303.

The record clearly establishes that Appleton, using a plat which described the boundaries of Lot 34, represented to Haynes that his property line was an imaginary straight-

line with a telephone pole which is in the right front of the property. This representation lead Haynes to believe that his driveway was within the confines of his lot. Approximately six months later, Haynes learned that Appleton's description of the property was inaccurate and that the actual boundary line ran through his driveway. All the evidence in the bill of exceptions supports the Chancellor's findings of fact. We are required to affirm these findings.

Having ruled that Haynes had his boundary lines misrepresented to him prior to purchasing the lot, the next question is what is the legal effect of that misrepresentation. We hold that Cumberland Builders, Inc., is liable for all the damages caused by this misrepresentation on the theory that this act by Appleton was a fraudulent misrepresentation.

When a party intentionally misrepresents a material fact or produces a false impression in order to mislead another or to obtain an undue advantage over him, there is a positive fraud. *Rose v. Foutch,* 4 Tenn. App. 495 (1926). The representation must have been made with knowledge of its falsity and with a fraudulent intent. *Shwab v. Walters,* 147 Tenn. 638, 251 S.W. 42 (1922); *Vela v. Beard,* 59 Tenn.App. 544, 442 S.W.2d 644 (1968). The representation must have been to an existing fact which is material and the plaintiff must have reasonably relied upon that representation to his injury. *Whitson v. Gray,* 40 Tenn. 441 (1859); *Dozier v. Hawthorne Development Co.,* 37 Tenn.App. 279, 262 S.W.2d 705 (1953).

In commercial transactions the law has recognized a less stringent standard of liability for fraudulent misrepresentations than the common law action for deceit. One who, in the course of his business, profession, or employment, or during a transaction in which he had a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary *loss* caused to them by their justifiable reliance upon such information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. *Jasper Aviation, Inc. v. McCollum Aviation, Inc.,* 497 S.W.2d 240 (Tenn.1972); *Hunt v. Walker,* 483 S.W.2d 732 (Tenn.App. 1971). This standard of liability substitutes a reasonable care standard for the common law scienter requirement. In other words, in business transactions, a defendant can be held liable for negligent misrepresentations.

This case revolves around a business transaction, the reasonable care standard applies. The contractor was under an obligation to use due care in marking the boundaries of the lot correctly. This obligation was breached because the lot was not correctly marked and the driveway was mistakenly laid on the boundary line. Further, Appleton, as the real estate agent for the defendant builder, was under an obligation to use due care in learning what the actual boundaries of the property were before he made representations concerning those boundaries. In making the representations Appleton breached his duty of exercising due care. These representations went to a material fact in the transaction. Haynes' reliance upon these representations was reasonable. We hold that Appleton's principal, Cumberland Builders, Inc., is liable for the negligent misrepresentations of their agent.

We do not rest our finding of liability upon the ground of mutual mistake. It is true that Appleton was mistaken as to the boundaries of the property. However, Haynes' misconception of the boundary line did not derive from his independent investigation of the property. It was derived from relying upon Appleton's negligent misrepresentation.

The findings of the Chancellor are affirmed. The appellant's third and sixth assignments of error are overruled.

(3)

We will now discuss the plaintiff's proper remedy for the injuries caused by Appleton's negligent misrepresentation. Before we deal with the proper formula for legal damages, we must resolve a threshold

question. The appellant argues that the damages suffered by the plaintiffs are so minor as to not constitute a material variance in his property and thus his injuries do not shock the conscience of the Court. This being so, the plaintiffs are not entitled to judicial relief. This is an argument which is relevant only when equitable remedies are sought, and, as such, it is inappropriate for this appeal. This argument is appropriate for cases in equity because equity courts are courts of conscience, and equitable relief, while subject to some fairly strict guidelines, is largely a matter of the Chancellor's discretion. However, the sole issue relating to damages in this case involves legal damages for misrepresentation. Whether or not a *legal* remedy will be granted is not dependent upon the conscience and discretion of the court, but rather upon the facts of the case. The fifth assignment of error is overruled.

█ The Chancellor granted the plaintiffs $5,000.00 in legal damages. In arriving at this award of damages the Chancellor had before him only estimates of the value of the property in controversy *at the time of trial*. He could not have properly applied the benefit of the bargain measure of damages. We are forced to remand this case to the trial court for a proper assessment of the damages according to principles set forth in this opinion.

█ The plaintiffs have a right to recover for all losses proximately caused by Appleton's tortious conduct. *Hux v. Butler,* 339 F.2d 696 (6 Cir. 1964); *Black v. Love & Amos Coal Co.,* 30 Tenn.App. 377, 206 S.W.2d 432 (1947); 37 Am.Jur.2d, Fraud and Deceit, § 351, p. 470 (1968). However, the plaintiffs have the burden of proving their damages; they can recover for all damages which are not remote or speculative but which are proved to be a reasonable certainty. *Buice v. Scruggs Equipment Co.,* 37 Tenn.App. 556, 267 S.W.2d 119 (1963); 37 Am.Jur.2d, Fraud and Deceit, § 343, pp. 460–461 (1968).

█ In an action for damages caused by a fraudulent misrepresentation, the proper measure of the plaintiffs' general damages is the benefit of the bargain rule. *Ford Motor Co. v. Lonon,* 217 Tenn. 400, 398 S.W.2d 240 (1966); *Shwab v. Walters, supra; Augur v. Smith,* 90 Tenn. 729, 18 S.W. 398 (1891) and *Hogg v. Cardwell,* 36 Tenn. 151 (1856). This measure of damages allows the plaintiff to recover the difference between the actual value of the property he received *at the time of the making of the contract* and the value that the property would have possessed if Appleton's representations had been true. 37 Am.Jur.2d, Fraud and Deceit, § 353, p. 473 (1968); see *Shwab v. Walters, supra;* 13 A.L.R.3d, Damages—Fraudulent Representation, § 3, p. 885 (1967). The application of this measure of damages compels the defendant to make good on the false representations. The measure of damages and the fixing of the value of the property are to be determined as of the time of the transaction. 37 Am.Jur.2d, § 365, p. 495 (1968); 13 A.L.R.3d, §§ 2–3, pp. 882–902 (1967); McCormick on Damages, § 122, pp. 456–457 (1935). After reviewing the bill of exceptions, it is evident that the only evidence introduced on the damages' aspect of this case pertained to the value of the property at the time of trial. The plaintiff testified that he had contracted to pay $35,000.00 for this parcel of land and that, after learning of Appleton's misrepresentations, he thought the property was *currently* worth $30,000.00. This being the only evidence before the Chancellor on the damages' issue, it appears that in arriving at his damages' award he applied an incorrect measure of general damages. We are forced to remand this case on this issue.

We will deal with the appellant's assignments of error which relate to the Chancellor's award of damages so as to provide guidelines for this case upon remand. The appellant argues that the plaintiff was incompetent to testify as to the value of his property because he was not qualified as an expert. We cannot agree.

█ The plaintiff has the burden of proving both values applied in the formula which measures his general damages, the

actual value of the property at the time of the contract and the value of the property if it had been as it was represented to him. In a land sale transaction, the contract price is strong evidence of what would have been the value of the land had it been as represented. 37 Am.Jur.2d, § 353, p. 476; see 13 A.L.R.3d, § 2, pp. 882–884 (1967). This would not be true, of course, if it were shown that the sale was not a bona fide arms length transaction. However, proving the value of the land as it actually existed at the time of the contract is more difficult. This can be shown by expert testimony or by sales of similar tracts of land in the same area. The appellant questions the plaintiff's right to prove this value by his own opinion evidence. In Tennessee, the owner of real property is competent to state facts about the property and give his opinion as to that property's value. He does not have to be qualified as an expert. *Wray v. Knoxville La Follette & Jellico Railroad Co.,* 113 Tenn. 544, 82 S.W. 471 (1904); *Union Joint Stock Land Bank v. Knox County,* 20 Tenn.App. 273, 97 S.W.2d 842 (1936); *Railway Co. v. Seay,* 1 Tenn.Civ.App. 134 (1910); D.F. Paine, Tennessee Law of Evidence, § 171, p. 188 (1974). In our case, Haynes laid a proper foundation for his opinion by stating that he purchased this tract of land because of the distance between buildings and that if he had known where the actual boundary was, he would not have purchased the land. While Haynes' opinion that his land is worth $30,-000.00 is admissible, only the fact-finder can determine the weight that will be given to this evidence. In our particular case, however, this evidence would be conclusive because it was the only evidence that was submitted upon this issue. In short, the appellant's remedy is not to argue that this evidence is inadmissible, but to submit his own evidence on this issue.

To sum up our resolution of the damages aspect of this case, we remand to the lower court for a proper application of principles of damages law. The appellant's second and seventh assignments of error are overruled.

(4)

The final argument advanced by the appellant is that the plaintiff is not entitled to monetary damages because he failed to mitigate his injuries resulting from Appleton's misrepresentations. We cannot agree.

It is the duty of an injured party to exercise reasonable care and diligence to avoid loss or minimize damages. *Yates v. Metro Govt. of Nashville & Davidson County,* 60 Tenn.App. 719, 451 S.W.2d 437 (1969); see *Arkansas River Packet Co. v. Hobbs,* 105 Tenn. 29, 58 S.W. 278 (1900); *Summers & Lewis v. Sanderson,* 7 Tenn.App. 624 (1928). The applicable standard is one of reasonable care. The plaintiff is not required to mitigate his damages if such action is unduly burdensome or impossible.

The Chancellor's award of damages to the plaintiff did not include an award of consequential damages. The plaintiff was awarded only the difference between the value of the land as represented and its value as it existed at the time of trial. To this Court's knowledge, there is no possible way that the plaintiff could have mitigated these damages, as they were awarded by the Chancellor. The plaintiff did not breach his obligation to mitigate his damages. The appellant's eighth assignment of error is overruled.

This cause is affirmed in part, modified and remanded to the Chancery Court of Davidson County for further proceedings in keeping with the opinion of this Court as it relates to the proper consideration of the damages sustained by the plaintiffs.

Affirmed in part, modified and remanded.

SHRIVER, P. J., and TODD, J., concur.