# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### NOVEMBER 8, 2001 Session

## JEFFREY CROUCH, ET AL. v. BRIDGE TERMINAL TRANSPORT, INC.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 00-1171-I; The Honorable Irvin H. Kilcrease, Jr., Chancellor**

---

### No. M2001-00789-COA-R3-CV - Filed April 30, 2002

---

This appeal involves a trial court's refusal to grant class action status to plaintiffs' claims for breach of contract and promissory fraud. Plaintiffs filed suit against defendant alleging that identical contracts between proposed class members and defendant were breached and that defendant's conduct amounted to promissory fraud. The trial court held that plaintiffs failed to show that issues of law and fact common to the class predominated over individual questions and refused to certify the class. Plaintiffs were granted this interlocutory appeal to review the trial court's decision on class certification. For the following reasons, we affirm the decision of the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Charles J. Williams & John B. Carlson, Nashville, TN, for Appellants

Michael Richards, Memphis, TN, and John S. Hicks, Nashville, TN, for Appellee

## OPINION

### I. Facts and Procedural History

Jeffrey Crouch, James Gifford, and Shellie Lemons ("Plaintiffs") independently own and operate tractor trailers. Plaintiffs signed identical contracts with Bridge Terminal Transport, Inc. ("Defendant") wherein Plaintiffs agreed to provide trucking services for Defendant. Each contract contained an identical "Schedule B" that outlined various rates of compensation for Plaintiffs' services. Approximately one hundred other individuals who own and operate tractor trailers signed identical contracts with Defendant. These contracts also contained the same Schedule B outlining compensation.

As a result of Defendant's performance under the contracts, Plaintiffs filed a class action lawsuit against Defendant on April 13, 2000. Plaintiffs brought the lawsuit pursuant to Rule 23 of the Tennessee Rules of Civil Procedure on behalf of themselves and the other truckers who had signed identical contracts with Defendant. Plaintiffs' complaint sought compensatory and punitive damages for breach of contract and promissory fraud. Plaintiffs alleged that Defendant breached the identical contracts by refusing to pay the truckers according to Schedule B and refusing to return escrow funds as required under the contracts' terms. As a basis for promissory fraud, Plaintiffs alleged that they had reasonably relied on Defendant's representations in the contracts, but that Defendant never had the intention of paying Plaintiffs as agreed.

Defendant filed a motion to dismiss the class action claims. In its motion, Defendant argued that common issues of fact and law did not predominate. With regard to promissory fraud, Defendant asserted that individualized hearings would be needed to establish reliance. With regard to the breach of contract cause of action, Defendant pointed to a provision in the contract which stated:

> Notwithstanding any provision of this contract to the contrary, this contract shall be terminated upon the happening of any of the following events:
>
> (1) For any breach of the contract, unless the parties manifest an intention by written agreement or otherwise not to terminate this contract upon such breach.

Based on this provision, Defendant argued that individual hearings would have to be conducted for each class member in order to determine whether a breach occurred and if so, whether the contract was terminated by the parties' manifested intentions. Defendant further argued that if the parties continued employment under the contract after a breach occurred, the element of reliance, needed for the promissory fraud claim, would be negated.

In response to Defendant's motion, Plaintiffs submitted affidavits of the three named Plaintiffs and eight proposed class members. Plaintiffs argued that these affidavits established that the individual contracts were identical. Further, the affidavits stated that Defendant flatly refused to honor the contracts for each of the proposed class members. Based on the affidavits, Plaintiffs argue that individual hearings would not be required for either claim.

Specifically, Plaintiffs argued that with regard to the breach of contract claim, no individual hearings would be necessary because the contracts were terminated on the dates the individual truckers stopped performing services for Defendant. Plaintiffs premised their argument on the assertion that even with the provision in the contract relied upon by Defendant, the manifest intentions of the Plaintiffs to terminate the contract could easily be determined by simply looking at the date each proposed class member quit providing services to Defendant. This date, Plaintiffs argued, could be easily confirmed by Defendant's records without a hearing. In addition, with regard to the promissory fraud claim, Plaintiffs recited statements in the affidavits stating that all those who

enter a contract necessarily rely on the expectation that the contract will be honored. Based on these statements, Plaintiffs argued that no individual hearings on reliance would be needed.

The court granted Defendant's motion and refused to certify the class. The court reasoned that individual questions of fact predominated over questions of law or fact common to the class. In its order dismissing Plaintiffs' class action claims, the court held that individual hearings would be needed to determine "whether a class member waived his rights by continuing to work for [Defendant] after [Defendant] had breached the contract and whether class member relied upon the alleged misrepresentation by [Defendant]." Stating that it would be economically unfeasible for the proposed class members to proceed individually, Plaintiffs filed this interlocutory appeal to review the trial court's refusal to certify the class.

## II. Issue

Whether the trial erred in refusing to certify Plaintiffs' proposed class and finding that individual hearings would be required in order for the individual class members to prove breach of contract and promissory fraud.

## III. Standard of Review

Class action status for a claim is not given as a right under Tennessee law. First Am. Nat'l Bank of Nashville v. Hunter, 581 S.W.2d 655, 659 (Tenn. Ct. App. 1978). Instead, class action status is a procedural privilege that may be granted in the trial court's sound discretion. Id. Thus, we will reverse a trial court's decision to deny certification of a class only when the party seeking class certification has demonstrated an abuse of the trial court's discretion. Hamilton v. Gibson County Util. Dist., 845 S.W.2d 218, 225 (Tenn. Ct. App. 1992).

In determining whether an abuse of discretion has occurred, we must keep in mind that the party seeking class certification bears the burden of showing that the prerequisites of Rule 23 of the Tennessee Rules of Civil Procedure have been satisfied. Id. Further, appellate courts must not merely substitute their judgment for that of the trial court when determining whether an abuse of discretion has occurred. White v. Vanderbilt Univ., 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999) Instead, appellate review must seek to determine whether the lower court's decision has a basis in law or fact and is therefore not arbitrary, illogical, or unconscionable. State v. Brown & Williamson Tobacco Corp., 18 S .W.3d 186, 191 (Tenn.2000). Where a trial court has improperly construed or applied the applicable legal principles, appellate courts may properly reverse the trial court's decision. White, 21 S.W.3d at 223.

## IV. Law and Analysis

Rule 23 of the Tennessee Rules of Civil Procedure governs the availability of class action status in Tennessee. For class action treatment to be proper, Rule 23.01 requires the following four elements to be present: a class so numerous as to make joinder impractical, questions of law or fact common to the class, typicality of claims and defenses among the class members, and representative parties who can fairly and adequately represent the interests of the entire class. TENN. R. CIV. P. 23.01.

In addition to the requirements of Rule 23.01, a proposed class must also meet one of three requirements listed in Rule 23.02. Here, Plaintiffs brought this action relying on Rule 23.02(3), which states:

> The court finds that the question of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action.

As specified by the parties, this appeal essentially involves the issue of whether the questions of law or fact common to the members of the class "predominate over any questions affecting only individual members" as contemplated in Rule 23.02(3). Plaintiffs' complaint states the following as common issues of fact and law:

a)      whether Defendant's uniform course of conduct in calculating what was owed to and paying drivers . . . violated the clear and unambiguous terms of that contract;

b)      whether Defendant's uniform course of conduct in calculating what was owed to and paying drivers . . . violated defendant's obligation of good faith and fair dealing in regard to its construction of and performance under that contract;

c)      whether Defendant is guilty of promissory fraud by inducing its drivers to enter into a contract . . . with the intention of not complying with the terms and provisions of that contract; and

d)      whether Defendant is liable for punitive damages predicated upon its fraudulent conduct.

Accordingly, we must determine whether the trial court abused its discretion in holding that these common issues of law and fact did not predominate over individual questions of law and fact. The

determination of this issue necessarily depends on whether the class members will require individualized hearings to prove the elements for each cause of action.

With regard to the alleged breach of contract, as stated above, the trial court held that individual hearings would be necessary to determine "whether a class member waived his rights by continuing to work for [Defendant] after [Defendant] had breached the contract." In opposition to the court's ruling, Plaintiffs bring our attention to 17A AM. JUR. 2D, *Contracts* § 731 (1991), which states:

> Where there has been a material breach which does not indicate an intention to repudiate the remainder of the contract, the injured party has an election of continuing performance, or of ceasing to perform, or of repudiating the contract. Any act by the injured party indicating an intent to continue will operate as a conclusive election, not depriving him of the right of action for the breach which has already taken place, but depriving him of any excuse for ceasing performance on his own part.

Id. at p. 741-42. Plaintiffs argue that this provision illustrates that the class members could not have waived their right to sue Defendant for breach of contract. Plaintiffs contend that this provision only shows that by continuing performance, the class members merely waived their right to repudiate the contract and cease their performance.

Under Tennessee law, however, a party may waive his or her known rights under a contract by either express declarations or by acts manifesting an intent not to claim the rights. Tenn. Asphalt Co. v. Purcell Enter., 631 S.W.2d 439, 444 (Tenn. Ct. App. 1982) (citing Dallas Glass, etc. v. Bituminous F. & M. Ins., 544 S.W.2d 351 (Tenn.1976)). Whether by declaration or by acts, however, the waiver must be intentional. Hill v. Goodwin, 722 S.W.2d 668, 671 (Tenn. Ct. App. 1986) (citing Baird v. Fidelity-Phenix Fire Ins. Co., 162 S.W.2d 384 (Tenn. 1942)). Although the *American Jurisprudence* section relied upon by Plaintiffs does not presume a waiver in the event of continued performance after a material breach, Tennessee law nevertheless recognizes that rights under a contract may be waived under certain circumstances. While we make no determination of whether Plaintiffs indeed waived their rights, our inquiry into the law reveals that the trial court did have a legal basis in ruling that individual hearings could be required for the proposed class members with regard to the breach of contract claim. Accordingly, we hold that the trial court did not abuse its discretion in this respect.

With regard to Plaintiff's claim for fraud, as this Court explained in Stacks v. Saunders, 812 S.W.2d 587 (Tenn. Ct. App. 1990), an action for fraud contains four basic elements:

> (1) an intentional misrepresentation with regard to a material fact, Keith v. Murfreesboro Livestock Market, Inc., 780 S.W.2d 751 (Tenn.Ct.App.1989); (2) knowledge of the representation falsity--that the representation was made "knowingly" or "without belief in its truth," or "recklessly" without regard to its truth or falsity, Tartera v. Palumbo, 224 Tenn. 262, 266-67, 453 S.W.2d 780, 782 (1970);

(3) that the plaintiff reasonably relied on the misrepresentation and suffered damage, <u>Holt v. American Progressive Life Ins. Co.</u>, 731 S.W.2d 923, 927 (Tenn.Ct.App.1987); <u>Haynes v. Cumberland Builders, Inc.</u>, 546 S.W.2d 228, 232 (Tenn.Ct.App.1976); and (4) that the misrepresentation relates to an existing or past fact, <u>Haynes</u>, 546 S.W.2d at 232 . . . .

<u>Stacks</u>, 812 S.W.2d at 592. The essential requirements of any action for fraud will always include detrimental reliance on a false premise. <u>Farley v. Clayton</u>, 928 S.W.2d 931, 933 (Tenn. Ct. App.1996) (citing <u>Shwab v. Walters</u>, 251 S.W. 42 (1922)); <u>Tartera v. Palumbo</u>, 453 S.W.2d 780 (Tenn. 1970); <u>Williams v. Van Hersh</u>, 578 S.W.2d 373 (Tenn. Ct. App.1978); <u>Dozier v. Hawthorne Development Co.</u>, 262 S.W.2d 705 (Tenn. Ct. App. 1953). When the claim is for promissory fraud, "the misrepresentation must embody a promise of future action without the present intention to carry out the promise." <u>Stacks</u>, 812 S.W.2d at 592.

Tennessee appellate courts have repeatedly held that the elements of fraud can never be presumed. <u>Hiller v. Hailey</u>, 915 S.W.2d 800, 803 (Tenn. Ct. App.) (citations omitted). Instead, because "the presumption is in favor of the fairness of the transaction and the innocence of the person accused," each element must be affirmatively proven by the party alleging fraud. <u>Williams v. Spinks</u>, 7 Tenn.App. 488, 494 (1928). Accordingly, each proposed class member must prove each element individually for his or her respective claim.

The flaw in Plaintiffs' reasoning here deals with the element of reliance. As indicated above, each proposed class member would be required to affirmatively prove that they detrimentally relied on the representations of Defendant and suffered damages as a result. Plaintiff deals with this issue by merely asserting that anyone who enters a contract necessarily relies on the contract being carried out according to its terms. While we generally agree with this statement, as applied to the facts of this case, such a declaration of reliance is insufficient to confer class action status to Plaintiffs with regard to this cause of action.

As pointed out by Defendant, many of the proposed class members chose to continue working under the contract after the alleged breaches had occurred. Given the facts, Plaintiffs' basic assertion regarding reliance becomes strained. Individual hearings would be required to determine whether the class members continued relying on their contract's terms if they knew that the contract had previously been dishonored. This situation was obviously recognized by the trial court. Accordingly, because of the necessity for proof of reliance and the individual hearings that would be necessary, we hold that the court did not abuse its discretion in refusing to certify the class.

## V. Conclusion

Based on the foregoing conclusions, we hereby affirm the decision of the circuit court. Costs on appeal are assessed against Plaintiffs Jeffrey Crouch, James Gifford, and Shellie Lemons and their sureties for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE