IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 17, 2004

IN RE:  **ESTATE OF CORA VEAL**

**Appeal from the Probate Court for Monroe County**
**No. 2002-103      Edwin C. Harris, Judge**

**Filed September 16, 2004**

**No. E2003-02739-COA-R3-CV**

---

**DISSENTING OPINION**

I disagree with the majority's treatment of the deceased's statements reflected in the minutes of the corporation.  As the majority's reasoning goes the statements of the deceased contained in the minutes were to the corporation, i.e., she was talking to the corporation.  Therefore "the corporation is barred from testifying regarding Ms. Veal's statements."[1]

In my view, the corporate minutes if admitted into evidence as a business record, would not constitute the corporation's testifying through "it's officers of every grade and its directors."  The Trial Court's refusal to allow the minutes of the board of director's meeting of June 11, 2001, and January 14, 2002 because the minutes contain statements made by the decedent, was in error.

The Dead Man's Statute codified at Tenn. Code Ann. § 24-1-203 provides:

In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, *neither party shall be allowed to testify* against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party.  If a corporation is a party, this disqualification shall extend to its officers of every grade and its directors.

(Emphasis added).

---

[1]The fact that a corporation "speaks" through its minutes does not render such minutes, testimony, within the meaning of the Statute. The corporate minutes, business records, in this case contain a record of the deceased's statements made during her lifetime and is accorded the indicia of reliability as recognized by this exception to the hearsay rule, whereas testimony offered after decedent's death possesses all the vagaries the Statute guards against.

Thus, while the testimony of Ms. Maxwell regarding conversations she had with the decedent was properly excluded, the corporate minutes were improperly excluded because they are documentary evidence, not testimony, as intended in the Statute.

In Tennessee, the Dead Man's Statute was enacted to prevent parties from lying about transactions with the deceased, because the deceased was unable to refute the falsehood. *See Beadles v. Alexander*, 68 Tenn. 604 (1877). Since the Statute may operate to exclude accurate evidence, however, it is given a strict construction in this jurisdiction, and is interpreted quite literally. *See Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d 228 (Tenn. Ct. App. 1976).

The Trial Court interpreted the Statute too broadly in this case, by disallowing documentary evidence of the decedent's statements prior to death. This is in contravention of Tennessee precedent, which has allowed documentary evidence to be used when the Dead Man's Statute was invoked to prevent evidence from being admitted regarding the same "transaction." *See In re: Upchurch's Estate*, 466 S.W.2d 886 (Tenn. Ct. App. 1970) (letter written by decedent was admitted, but testimony of plaintiff regarding conversation with decedent was disallowed); *Burke v. Arnold*, 836 S.W.2d 99 (Tenn. Ct. App. 1991) (note signed by decedent was admitted, but plaintiff's testimony regarding decedent's statements made at time note was written was inadmissible); *In re: Estate of Cole*, 1987 WL 18895 (Tenn. Ct. App. Oct. 27, 1987) (promissory note executed by decedent was admissible); *Pioneer Bank v. Kelley*, 1994 WL 577420 (Tenn. Ct. App. Oct. 21, 1994) (admission of checks signed by decedent and drawn on his bank account was proper). *Also see: Bernard v. Reaves,* 178 S.W.2d 224 (Tenn. Ct. App. 1943).

As stated in *Pioneer Bank*, the Statute "cannot be extended by the courts to cases not within its terms upon the idea that they fall within the evil which was intended to be guarded against." Similarly, here, the Court cannot exclude documentary evidence simply because it contains statements by the decedent.

While corporate minutes are regularly admitted under the hearsay exception found in Tenn. R. Evid. 803(6), the "business records" exception, in this case the statements attributed to decedent within the minutes, do constitute hearsay within hearsay, but are admissible for the truth of the assertion, pursuant to Tenn. R. Evid. 804, since decedent's death rendered her unavailable as a witness, and the statements made by her prior to death were statements against her pecuniary interest, as described in Tenn. R. Evid. 804(b)(3). *See* Tenn. R. Evid. 805; *State v. Gass*, 2002 WL 29477 (Tenn. Crim. App. May 28, 2002).

When all of the evidence is considered that properly should have been admitted at trial, the evidence establishes a contract obligating decedent to pay for the repairs at issue in this case. I would reverse the decision of the Trial Court.

_____
HERSCHEL PICKENS FRANKS, P.J.