IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 21, 2014 Session

## ACUFF INTERNATIONAL, INC. v. SANYO MANUFACTURING CORPORATION

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002660-10      Robert S. Weiss, Judge**

---

**No. W2013-01146-COA-R3-CV - Filed January 30, 2014**

---

This case involves issues of breach of contract and negligence. After a bench trial, the trial court found in favor of the Defendant/Appellee manufacturer. Because the trial court's order does not contain sufficient findings of fact and conclusions of law to satisfy the requirements of Rule 52.01 of the Tennessee Rules of Civil Procedure, we vacate the judgment of the trial court and remand for the entry of an order with appropriate findings of fact and conclusions of law.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Lawrence M. Magdovitz, II, Cordova, Tennessee, for the appellant, Acuff International , Inc.

William R. Bradley, Memphis, Tennessee, for the appellee, Sanyo Manufacturing Corporation.

**OPINION**

**Background**

The Plaintiff/Appellant Acuff International, Inc. ("Acuff") engages in machinery moving and hauling. In 2007, the Defendant/Appellee Sanyo Manufacturing Corp. ("Sanyo") hired Acuff to move several hundred thousand pounds of injection molding manufacturing equipment to Mexico from Forrest City, Arkansas. On October 25, 2007, Acuff provided a quote for its services to Sanyo. The quote detailed that Sanyo would pay Acuff $99,600.00

for rigging and $198,000.00 for transportation. The quote also contained a provision allowing a one-and-one-half percent finance charge on any unpaid balances, as well as attorney's fees. Acuff asserted that a contract was created based on the terms in the quote, including the finance charge and attorney fee provisions.

Sanyo, however, asserted that a contract was not created until Sanyo issued a purchase order to Acuff on October 29, 2007. The purchase order provided that the price for rigging was $99,500.00, and the price for transportation was $198,000.00. According to Sanyo, Acuff was hired only to perform the rigging, as the transportation was to be performed by subcontractors. The purchase order contained no provisions regarding attorney's fees or finance charges. The purchase order stated that it would be deemed accepted as written unless Acuff promptly advised Sanyo to the contrary.

Work began on November 26, 2007. Acuff asserted, however, that Sanyo misrepresented the weight of the machinery that was to be moved pursuant to the contract. As a result, Acuff asserted that it was required to incur additional costs to move the machinery, including additional payments to subcontractors. Acuff asserted that immediately upon learning of the misrepresentation, it informed Sanyo that there would be additional costs. According to Acuff, Sanyo's agent agreed to pay the additional costs.

The work was completed in December 2007. Sanyo paid the balance on the purchase order.[1] In addition, Sanyo paid an additional $22,029.00 based on an oral agreement of the parties to move additional equipment. Several months after the work was completed, however, Acuff issued new invoices to Sanyo, asserting that it was owed additional amounts. According to the record, the invoices showed additional amounts owed by Sanyo, including:

- Invoice number 5246 TAL2,3, dated August 28, 2008: $20,855.00[2]
- Invoice number 5246 TAL6,7, dated September 11, 2008: $11,500.00
- Invoice number 5246 TAL8,9, dated September 11, 2008: $10,925.00

Acuff asserted that these costs were due to the misinformation regarding the weight of the machinery, which resulted in increased towing costs and considerable delays. Sanyo refused to pay the additional charges.

---

[1] There is no dispute in this case that Sanyo remitted to Acuff the balance on the original contract pursuant to the quote and the purchase order. The dispute in this case concerns only any modification to that contract that occurred as a result of the alleged weight misrepresentation.

[2] Invoice number 5246 TAL2,3 originally contained a charge for $22,655.00. However, the invoice noted that Sanyo had made a partial payment of $1,800.00, which was credited to the balance. Thus, the amount unpaid at the time of trial on invoice number 5246 TAL2,3 was $20,855.00.

Acuff filed suit for breach of contract and negligence on May 25, 2010. Sanyo answered, denying the material allegations. Sanyo subsequently filed a motion for summary judgment, which was held in abeyance pending trial. The parties proceeded to a bench trial. At trial, Acuff's president, Susan Acuff, testified that Sanyo had provided incorrect weights for some of the machinery to be moved, resulting in a difference of 18,000 pounds. Ms. Acuff testified that she informed Sanyo's representatives of the problem via email. There was some dispute as to whether this email, and several other disputed documents, had been disclosed to Sanyo during discovery. Regardless, no email in which Sanyo agreed to specific, additional charges was submitted as evidence at trial.

According to Acuff, the weight discrepancy required additional trucks and more money to move the machinery. Acuff employees testified that the weight of the material to be moved was incorrect and that Acuff incurred additional expenses to move the material. For example, according to Ms. Acuff, Acuff was required to pay additional amounts beyond those contemplated in the original quote in order to pay various subcontractors for transporting the increased weight. Sanyo, however, asserted that there was no miscalculation, or that if there was a miscalculation as to the weight of the machinery, it was the fault of the manufacturer of the equipment, rather than Sanyo. Thus, Sanyo argued it had not committed negligence in misrepresenting the weight of the equipment. In addition, Sanyo argued that there was no agreement to pay additional funds for the allegedly increased weight—Ms. Acuff stated that she and the Sanyo representative made the agreement through email; however, Sanyo argued that no emails were introduced at trial in which Sanyo agreed to pay additional funds. In contrast, Ms. Acuff asserted that all parties had access to a spreadsheet that was regularly updated. According to Ms. Acuff, the spreadsheet contained the additional charges agreed to by the parties. There was also some dispute as to whether Acuff had produced documents showing additional invoices from the transportation subcontractors that Acuff alleged it was required to pay due to Sanyo's alleged misrepresentation.

The trial court issued a verbal ruling on April 5, 2013. On April 11, 2013, the trial court filed a written ruling denying all of Acuff's claims. The trial court's written order includes, by reference, the trial court's ruling from the bench. In its ruling, the trial court stated:

> [H]aving reviewed . . . the testimony and reviewing the exhibits that were presented to the Court, the Court was troubled by the documentation that was presented, in that while I understood the basis for the gap in time for why bills would have—bills were sent out eight months later, the problem is, is that I don't—what wasn't presented to the Court was I couldn't support any of those bills. And, in fact, some of the—some of the invoices, part—

parts of the invoices were actually . . . paid as part of the original payments. So because this Court just didn't have a clear record as far as what was actually due or outstanding, and the Plaintiff testified that, you know, she had to pay all these bills within two weeks and—but then didn't—there was no documentation to support that any of those—any of these additional charges that she was seeking compensation for were ever paid, for that reason, I am going to find for the Defense. The remaining court costs will be equally divided by the parties . . . .

From this order, Acuff appeals.

## Analysis

Acuff raises one issue for review, which is taken from its brief:

Whether the trial court correctly found, based on the evidence presented at trial, that Plaintiff Acuff International, Inc. had not incurred additional expenses in performing rigging and hauling services for Defendant Sanyo Manufacturing Corp. And therefore Acuff was not entitled to payment of $43,280.00, plus interest in the amount of $15,990.86, plus costs and reasonable attorney's fees of $19,756.95, for a total of $79,027.81.

Typically, in a bench trial, this Court reviews the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). No presumption of correctness, however, attaches to the trial court's conclusions of law and our review is *de novo*. ***Blair v. Brownson***, 197 S.W.3d 681, 684 (Tenn. 2006) (citing ***Bowden v. Ward***, 27 S.W.3d 913, 916 (Tenn. 2000)). However, after reviewing the record, we have determined that the trial court failed to make sufficient findings of fact and conclusions of law to support its decision in this case. Accordingly, we vacate the judgment of the trial court and remand for further proceedings.

Acuff's complaint in this case concerns two distinct causes of action: breach of contract and negligence. To maintain an action for breach of contract, a plaintiff must establish (1) the existence of an enforceable contract, (2) non-performance of the contract amounting to a breach of that contract, and (3) damages flowing from the defendant's nonperformance. ***Ingram v. Cendant Mobility Fin. Corp.***, 215 S.W.3d 367, 374 (Tenn. Ct. App. 2006). In order to make out a claim for negligence, the plaintiff must likewise show:

(1) duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; (5) proximate, or legal cause.

*Satterfeild v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008). In addition, this Court has held that the requisite elements to establish a cause of action for negligent misrepresentation are:

> One who, in the course of his business, profession, or employment, or during a transaction in which he had a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon such information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*McElroy v. Boise Cascade Corp.*, 632 S.W.2d 127, 130 (Tenn. Ct. App. 1982) (quoting *Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d 228, 232 (Tenn. Ct. App. 1976)).

The specific issues that make up the causes of action in this case are myriad and fact-intensive. With regard to the contract claim, the issues include: (1) when the contract between Acuff and Sanyo was formed; (2) whether the terms of the contract provided for a finance charge and attorney's fees; (3) whether a contract was formed regarding additional payments for the expenses allegedly incurred due to the additional weight; (4) whether Acuff actually incurred any additional expenses due to the alleged misrepresentation; and (5) whether Sanyo breached any of its contractual obligations with Acuff. In addition, the court was also required to determine whether Sanyo committed negligence by providing Acuff with the incorrect weights for the machinery to be moved. Respectfully, the trial court's order fails to offer sufficient guidance on the resolution of any of these issues.

It is well settled that, in bench trials like the one in this case, courts must make findings of fact and conclusions of law to support their rulings. Rule 52.01 of the Tennessee Rules of Civil Procedure provides, in pertinent part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or

> memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

*Id*.

Sanyo asserts that the lack of factual findings and legal conclusions in the trial court's order is due to Acuff's representation that it would not appeal the trial court's ruling. Prior to July 1, 2009, trial courts were only required to make specific findings of fact and conclusions of law "upon request made by any party prior to the entry of judgment." *See* ***Poole v. Union Planters Bank N.A.***, No. W2009-01507-COA-R3-CV, 337 S.W.3d 771, 791 (Tenn. Ct. App. 2010) (noting the amendment). However, the current version of Rule 52.01 requires the court to make these findings regardless of a request by either party. ***Id.*** Thus, the trial court was obligated to set forth findings of fact and conclusions of law in its order, regardless of any alleged representation on the part of Acuff's counsel regarding the filing of an appeal.

Further, this Court has previously held that the General Assembly's decision to require findings of fact and conclusions of law is "not a mere technicality." ***In re K.H.***, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." ***Id***.; ***White v. Moody***, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); ***Bruce v. Bruce***, 801 S.W.2d 102, 104 (Tenn. Ct .App. 1990). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." ***In re K.H.***, 2009 WL 1362314, at *8 (quoting ***In re M.E.W***., No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. April 21, 2004)). Without findings of fact, we cannot discern the basis for the trial court's decision, "and we are unable to afford appropriate deference to the trial court's decision." ***In re Connor S.L.***, No. W2012-00587-COA-R3-JV, 2012 WL 5462839, at *4 (Tenn. Ct. App. Nov.8, 2012) 4.

Generally, the appropriate remedy when a trial court fails to make appropriate findings of fact and conclusions of law pursuant to Rule 52.01 is to "vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law." ***Lake v. Haynes***, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011). Sanyo, however, cognizant of the lack of findings or conclusions in the trial court's order, urges this Court to "soldier on" with our review despite the lack of appropriate findings of fact or conclusions of law in the trial court's order. Indeed, this Court has indicated that we may "soldier on" with our review despite the trial court's failure to comply with Rule 52.01, in certain limited circumstances:

> On occasion, when a trial judge fails to make findings of fact and conclusions of law, the appellate court "may 'soldier

on' when the case involves only a clear legal issue, or when the court's decision is 'readily ascertainable.' " ***Hanson v. J.C. Hobbs Co., Inc.***, No. W2011-02523-COA-R3-CV, 2012 WL 5873582, at *10 (Tenn. Ct. App. Nov.21, 2012) (quoting ***Simpson v. Fowler***, No. W2011-02112-COA-R3-CV, 2012 WL 3675321, at *4 (Tenn. Ct. App. Aug. 28, 2012)).

***Pandey v. Shrivastava***, No. W2012-00059-COA-R3-CV, 2013 WL 657799 (Tenn. Ct. App. Feb. 22, 2013). The circumstances outlined above, however, are not present in this case. First, the claims in this case involve fact-intensive issues regarding both breach of contract and negligence. Second, the trial court's order is unclear as to the basis of its ruling. As previously stated, the trial court's order merely noted that Acuff did not provide sufficient documentation to support its claim. The trial court, however, fails to clarify as to whether Acuff's failings concern its contract claim, its negligence claim, or both. The trial court further fails to make any findings regarding whether Acuff's failure to prove its case relates to a failure to prove that Acuff and Sanyo entered into a valid contract, a failure to show a misrepresentation as to the weight, a failure to show that additional expenses had, in fact, been incurred by Acuff as a result of the incorrect weight, or that all additional charges were paid in full by Sanyo prior to trial. Further, the trial court failed to make any express findings regarding the credibility of the any of the witnesses. Without findings clarifying the reasoning behind the trial court's ruling we are unable to conduct a meaningful appellate review. Accordingly, we vacate the judgment and remand to the trial court for entry of an order fully compliant with Rule 52.01.[3]

**Conclusion**

The judgment of the Circuit Court of Shelby County is vacated and this cause is remanded to the trial court for all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed one-half to Appellant, Acuff International, Inc., and its surety, and one-half to Appellee Sanyo Manufacturing Corp., for all of which execution may issue, if necessary.

---

[3] The resolution of the issues in this case revolve, at least in part, on the credibility of the witnesses. On remand, the trial court should endeavor to make express credibility findings in order to further facilitate meaningful appellate review, as well as allow this Court to afford appropriate deference to the trial court's ruling.

_____

J. STEVEN STAFFORD, JUDGE